**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:14-CV-00396-DJH-CHL**

**JAMES RICKY BLADE,**                                                              **Plaintiff,**

**v.**

**TJX COMPANIES, INC.,**                                                            **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff James Ricky Blade ("Blade")

for leave to file an amended complaint. (DN 35.)  Defendant TJX Companies, Inc. ("TJX") filed

a response (DN 41) and Blade filed a reply.  (DN 47.)  The motion is now ripe for review.

Blade's existing complaint alleges one claim of racial discrimination.   Blade, an African

American, alleges that TJX discriminated against him on the basis of his race when he was

laterally transferred as store manager of TJX's Westport Road store to store manager of its

Southland Terrace store and then replaced at the Westport Store by a white female, Jennifer

Farris.

Blade now seeks leave to amend his complaint to add two counts: (1) Count II, an

additional disparate treatment claim, alleging that TJX should have disciplined him utilizing its

progressive discipline procedures rather than transferring him to the Southland Terrace store; and

(2) Count III, a breach of contract claim arising from TJX's personnel policies and procedures

manual, which Blade alleges constitutes a contract between TJX and its employees.  For the

following reasons, Blade's motion for leave to amend is **DENIED**.[1]

---

[1]      "The Sixth Circuit has not addressed whether a motion to amend is a dispositive or nondispositive motion."
*Tyree v. U.S. Bank, NA*, 2015 WL 73656, *1 (W.D. Tenn. Jan. 6, 2015).  Most of the district courts in the Sixth
Circuit appear to consider an order on a motion to amend as non-dispositive.  *See, e.g.*, *Young v. Jackson*, 2014 WL
4272768, *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *United*

## I. Facts and Procedural History

Blade brought a single claim in Jefferson Circuit Court in May 2014, asserting that TJX violated the Kentucky Civil Rights Act (KRS 344). (DN 1, Page ID # 1 ¶ 1.) In May 2014, the case was removed to this Court. (DN 1, PageID # 2.) In August 2014, the Court adopted the parties' joint proposed scheduling order, which stipulated an amendments and pleadings cutoff on October 21, 2014, a discovery cutoff on April 30, 2015, and dispositive motions cutoff on June 30, 2015. (DN 14, PageID # 2.) In August 2014, TJX served its first set of written discovery requests. Blade responded in October 2014 and November 2014. (DN 41, PageID # 314 ¶ 3.)

Blade originally served interrogatories and requests for production of documents in October 2014, requesting the personnel files of several TJX managers, but not the personnel file of Paula Runner (the former Store Manager of the Elizabethtown store whom Blade replaced in March 2014). (DN 41, PageID # 315 ¶ 4.) In its response, TJX represents that it first responded on December 5, 2014, supplying Blade with 295 pages of documents. (*Id.*) According to TJX, the production included numerous documents relating to Blade's job performance. (DN 41, PageID # 315 ¶ 5.) On April 20, 2015, TJX deposed Blade, who testified that District Manager John Joyce ("Joyce") had repeatedly spoken to him about the poor performance of the Westport Road store and that, among other things, Joyce stated that Blade's "management team was broken." (DN 41, PageID # 315 ¶ 6.) Blade then took a leave from August 2013 until October

---

*States v. Hunter*, 2013 WL 5820251, *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2255 were non-dispositive); *United States v. Lewis*, 2012 WL 604296, at *1 (S.D. Ohio Feb. 24, 2012) ("The Magistrate Judge's decision denying Lewis's Motion To Amend his § 2255 Petition is a non-dispositive order."); *see also Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed. R. Civ. P. 72(a)."). Based on the foregoing, the Court will treat the Motion to Amend as non-dispositive and enter an order thereon rather than make a recommendation to the District Judge.

2013; Jennifer Farris acted as the Westport Road store manager during his leave. (DN 41, PageID # 315 ¶ 7.) When Blade returned from his leave, Joyce transferred him to the Southland Terrace store where Blade held the same position, pay, and benefits. (DN 41, PageID # 315 ¶ 8.)

Blade's counsel deposed Joyce in April 2015. (DN 41, PageID # 316 ¶ 10.) Joyce testified that Blade was replaced due to poor work performance. *Id.* Additionally, Joyce stated that TJX's progressive disciplinary procedures consist of a four-step process: (1) Counsel; (2) Course of corrective action (action plan); (3) Written warning; and (4) Termination. (DN 41-4, PageID # 348.) Joyce further stated that he used these progressive disciplinary procedures on Paula Runner, the white female manager of the Elizabethtown store, before unfortunately having to terminate her employment. (DN 41-4, PageID # 348.) According to Blade, Joyce admitted that he did not accord the same process to Blade. (DN 35, PageID # 291.)

Blade now asserts that he had no way of knowing the specific facts that arose in Joyce's deposition testimony before filing his complaint. As a result of this purportedly new-found information, Blade filed his Motion for Leave to File Amended Complaint on May 19, 2015, seeking to add Counts II and III. (DN 41, PageID # 316 ¶ 12.) TJX filed its response on June 9, 2015, and Blade filed his reply on June 19, 2015. (DN 41, PageID # 312; DN 47, PageID # 363).

## II. Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), the two additional counts that Blade wishes to assert must "assert a claim or defense that arose out of the conduct,

transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

"[W]hen [an] amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). Under Rule 15(a), "[c]ourts have explained numerous factors that a District Court should consider when deciding whether to grant leave to amend." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir.1989) (quoting *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973)). These factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.* "[D]elay by itself is not sufficient reason to deny a motion to amend [but] notice and substantial prejudice to the opposing party are critical factors when determining whether an amendment should be granted." *Id.*

Finally, Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court adopted a scheduling order on August 12, 2014 which stipulated an amendments and pleadings cutoff on October 21, 2014. (DN 14.) Therefore, Federal Rule of Civil Procedure 15 must be considered alongside Federal Rule of Civil Procedure 16 because failure to do so "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003).

### III. Discussion

Blade argues that the motion to amend his original complaint should be granted because it (1) will not unduly prejudice TJX; and (2) will further the interests of judicial economy. Blade claims that until Joyce's deposition on April 30, 2015 (the last day of discovery), he had no way of discovering certain facts within the deadline for amendment of pleadings, October 21, 2014.

Blade asserts that granting the motion will not unduly prejudice TJX for two reasons. First, Blade alleges that TJX did not respond to his October 6, 2014 request for production of documents until April and May 2015. (DN 35, PageID # 290.) Hence, Blade argues that he had no way of knowing certain facts within the scheduling order's deadline for amendment of pleadings because of TJX's delay. Second, Blade claims that he had no way of knowing before filing his original complaint: (1) that Paula Runner was first subjected to TJX's progressive disciplinary policies and procedures to improve her performance before termination; or (2) that Blade was terminated without having the opportunity to go through the progressive discipline procedures. Furthermore, Blade alleges that allowing this motion will further the interests of judicial economy because if this motion is denied, he claims he would simply file a separate action alleging unequal terms and conditions of employment. (DN 47.)

 TJX persuasively argues that Blade's motion should be denied because (1) he has not shown good cause sufficient to satisfy Rule 16(b)(4); and (2) granting the motion will result in substantial prejudice to TJX.

TJX argues that Blade has not shown good cause for two reasons. First, Count II of Blade's proposed amended complaint is not a new cause of action, but rather the same disparate treatment claim that Blade alleged in his original complaint. TJX contends that the new disparate

treatment claim is simply an element of the *prima facie* case that Blade must establish to prove his existing discrimination claim. TJX cites *McBreaty v. Kentucky Community and Tech. Coll. Sys.*, 262 S.W. 2d 205, 214 (Ky. App. 2008), which discusses the elements of a *prima facie* discrimination claim and notes that "a claim for disparate treatment requires the plaintiff to show . . . similarly situated non-protected employees were treated more favorably." (DN 41, PageID # 318.)   Therefore, Blade's proposed disparate treatment claim relating to Paula Runner (a similarly situated white female) is simply one element of his original discrimination claim.

Second, TJX argues that Blade had reason to know of the facts related to his new claims before he filed his original complaint. TJX contends that Blade cannot credibly assert that he was unaware of TJX's use of progressive discipline until Joyce's deposition. Blade was a store manager at TJX for nearly twenty years.  (DN 41, PageID # 320.)  Additionally, even if Blade argues that he was unaware of this progressive discipline, there is a record of three written warnings (the third step before termination in the progressive discipline plan) against Blade from October 1996, January 1997, and June 1999. (DN 41-5, PageID # 351-354.) Therefore, he has been subject to the disciplinary procedures up until the final step before termination, so he should have known that before Paula Runner was terminated, she was given a chance to improve her performance, just as he was allowed in the past. Additionally, Blade was aware of Paula Runner's employment and termination prior to filing his original complaint because not only did he testify accordingly during his deposition, but he also replaced her as the store manager at the Elizabethtown store after she was terminated.  (DN 41-3, PageID # 336.)  According to TJX, Blade should have been aware of the disciplinary procedures that TJX uses since he had been

subjected to them personally, and he should have been aware that these procedures were used on Paula Runner before her termination.

Moreover, TJX argues that granting Blade's motion will result in substantial prejudice to TJX.  TJX cites *Sanford v. AXA Equitable Life Ins. Co.*, No. 09-cv-12190, 2010 WL 1755333, at *1 (E.D. Mich. Apr. 29, 2010), which is directly on point with this case. In *Sanford,* the court denied the plaintiff's motion for leave to amend his complaint, holding that the plaintiff's motion was untimely as the plaintiff was previously aware of the defendants' policies, and allowing the plaintiff to file an amended complaint would result in repeated depositions and increased costs. *Id.* Here, TJX states numerous justifications supporting substantial prejudice that it will inevitably incur if this motion is granted.  TJX has already deposed Blade, and if the motion is granted, TJX will have to propound additional written discovery requests concerning Blade's new claims, including any and all documents supporting Blade's argument that a contract existed between the parties. (DN 41, PageID # 323.)  Further, TJX would likely have to depose Blade for a second time because it never asked him any questions relating to Paula Runner or the purported contract between them. *Id.* Finally, other depositions may be necessary, including Paula Runner's deposition, which would likely require a third party subpoena, as she is no longer an employee of TJX. *Id.* Overall, TJX worries that an amendment this late in litigation is not only unnecessary to Blade's extraneous disparate treatment claim, but it would also unfairly prejudice TJX, resulting in increased costs of time and money to further defend this case. *Id.*

The Court finds that Blade's motion for leave to amend his complaint should be denied. The deadline for amendment of pleadings passed nearly seven months before Blade filed his motion.  The Court finds that the allegations upon which Blade's proposed new claims are based

were known to or should have been known to Blade long before he filed his motion for leave to amend his complaint.  Moreover, Blade's proposed disparate treatment claim is merely one element of his existing claim of racial discrimination.  Finally, the Court finds that to permit Blade to amend his complaint at this late date would be prejudicial to TJX, particularly given the amount of time and resources TJX has already devoted to discovery, as well as the fast-approaching case management deadlines that remain.  (*See* DN 36 (amending existing deadlines).)

Accordingly, IT IS HEREBY ORDERED that Blade's motion for leave to file an amended complaint (DN 35) is **DENIED**.

cc:  Counsel of record